# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION



| | |
|---|---|
| DEMARQUEZ BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No.<br><br><br>COMPLAINT AND DEMAND FOR JURY |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action for statutory damages brought by Plaintiff, DeMarquez Brown, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

1

### III. PARTIES

3. Plaintiff, DeMarquez Brown, is a natural person with a permanent residence in Crystal Springs, Copiah County, Mississippi 39059.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On February 12, 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff on her cell phone at (601)-826-4422 several times and threatened to garnish Plaintiff's wages.

8. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings, which could result in garnishment.

10. The representations made to Plaintiff by Defendant regarding garnishment were false.

12. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

### V. CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (b) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

    (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, DeMarquez Brown, for statutory damages, costs, and attorney fees.

///

///

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, DeMaquez Brown, demands trial by jury in this action.

Dated: September 5, 2013

RESPECTFULLY SUBMITTED,

By: _____
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795,
Fax: 866-929-2434
shireen@lawnorcross.com
*Attorney for Plaintiff,*
*DeMarquez Brown*